JUDD v. NEW YORK CENT. & H. R. R. CO.   (No. 266–103.)

(Supreme Court, Appellate Division, Third Department.   November 11, 1914.)

DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

 A verdict for $7,500 for serious and permanent injuries to the right hand of a railway brakeman 35 years old, which practically deprived him of the use of such hand for life, was excessive, and required a new trial, unless plaintiff would stipulate to reduce the verdict to $5,000.

 [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 393; Dec. Dig. § 132.*]

 Woodward and Howard, JJ., dissenting.

Appeal from Trial Term, Columbia County.

Action by Ora Judd against the New York Central & Hudson River Railroad Company. From a judgment on a verdict for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted, unless plaintiff stipulates to reduce the verdict.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Visscher, Whalen & Austin, of Albany (Robert E. Whalen, of Albany, of counsel), for appellant.

William B. Daley, of Chatham (John T. Norton, of Troy, of counsel), for respondent.

PER CURIAM.   Judgment and order reversed, on the ground that the damages are excessive, and new trial granted, with costs to appellant to abide event, unless the plaintiff will stipulate to reduce the verdict to $5,000, in which case the judgment may be so modified, and, as modified, judgment and order unanimously affirmed, without costs.

WOODWARD, J. (dissenting).   The plaintiff in this action had his right hand seriously and permanently disabled while engaged in throwing a switch in the performance of his duties as an employé of the defendant on the 23d day of September, 1912. This action was brought to recover damages for such injury, and the jury has given a verdict for $7,500. While this verdict is large, it can hardly be said to come within the rules which justify this court in interfering, if there were no errors committed in the trial of the cause. The plaintiff was 35 years of age, and he is undoubtedly practically deprived of the use of his right hand for life, and the fact that under the Workmen's Compensation Act (Consol. Laws, c. 67), which is in the nature of an insurance without respect to the circumstances of the injury, the plaintiff would be entitled to a much smaller sum, has no bearing upon the right of a jury, in a litigated case, to fully compensate for the injury received through the negligence of an employer. A sum which the Legislature might regard as a proper insurance, payable to any one injured, without reference to his own culpability, is one thing, while the judgment of a jury as to the amount which would

compensate for a wrongful injury is quite another, and this court is not to interfere with the constitutional rights of individuals to the judgment of a jury upon a question of this character, so long as the trial is conducted within the well-established rules of law governing such cases.

It is urged by the defendant on this appeal that the plaintiff was injured while engaged in performing services for the defendant, which was, at the time, engaged in interstate commerce, and that the provisions of the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]) exclusively control the disposition of this case. We shall assume, for the purposes of this appeal, that the plaintiff, a brakeman employed upon a work train in connection with some work being done in a tunnel along the line of the defendant's interstate railroad, was employed in interstate commerce, and that he was entitled to the benefits of the federal Employers' Liability Act, and that the defendant was, likewise, entitled to have the rules of liability fixed by that statute prevail in the trial of this cause. This does not, however, entitle the defendant to a reversal of the judgment here under consideration. The complaint set forth the facts necessary to a common-law action, and alleged the giving of the notice required by the provisions of the Employers' Liability Act of the state of New York (Consol. Laws, c. 31, §§ 200–204), declaring that this "action is under the Employers' Liability Act of the state of New York," and it seems to be the theory of the defendant that because of this entirely unnecessary declaration of the pleader there was some prejudicial error in the trial. The case was, however, tried and submitted to the jury upon the distinct charge of the court that the plaintiff was bound to establish the negligence of the defendant, his own freedom from negligence contributing to the injury, and that he did not assume the risk to which he was exposed by the defendant. Upon this point the court charged:

"Now it is a rule of the common law, as we call it, and which I charge is applicable to this case, that when an employé goes into a particular service and sees the situation that exists there, and understands and appreciates the danger incident thereto, it is a part of his contract with his employer that he assumes the risks in the language of the law, or in common parlance he takes his chances. Such risks as are known to him, or which ought to have been known to him, which appertain to the business, he assumes; and if he assumed the risk, why, then, that precludes a recovery in this case."

There was no exception to this part of the charge, but defendant's counsel asked the court to charge:

"On the establishing of contributory negligence, that if the jury find that the plaintiff was guilty of contributory negligence, resulting in his injury, that the jury, if they think he is entitled to any damages, shall diminish the damage in proportion to the amount of negligence which they think attributable to such employé, under the provisions of section 3 of the federal Employers' Liability Act."

This the court charged. Counsel for the defendant then asked the court to charge:

"That if the plaintiff ought reasonably to have seen and anticipated the risk of the injury which he sustained, that then he did assume the risk of his injury, and as matter of law cannot recover."

This the court also charged. Again counsel for defendant said:

"I wish your honor would charge the jury as a matter of law that the risk incident to the use of this long-handled switch was an obvious and open risk and perfectly patent."

This the court declined to do and this the defendant excepted to, and it is the only exception which bears upon the defendant's third point:

That "the defense of assumption by plaintiff of an obvious risk was available to defendant as matter of law."

It is difficult to understand just what defendant complains of. Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, is cited for the proposition that the common-law rule of assumption of risks prevails under the federal Employers' Liability Act, where the railroad company is not shown to have violated a statutory regulation for safety, and we will assume that this is the law; but how is the defendant aggrieved? The court charged squarely that the common-law rule of assumption of risks was to govern in this case, and told the jury plainly the rules governing the determination of this question. No exception was taken to the charge, and the jury, upon the conflicting testimony as to the circumstances of this case, held that the plaintiff had not assumed the risks of this particular danger. If the defendant asks this court to hold, as matter of law, that the plaintiff did assume the risks of this particular accident, we think there is no justification for it. The evidence showed that the plaintiff, employed as a brakeman, was directed by the conductor of the work train to throw one of two switches necessary to place the work train upon a track where it was to follow a freight train down to a tunnel where the work train was to leave a car, that the particular switch had been equipped with an extension handle, consisting of an iron pipe, and that while the plaintiff was engaged in using this extended handle some part of a passing freight train caught plaintiff's hand beneath the end of this extended handle and the car, producing the injury. There was evidence that the plaintiff had thrown this switch before, but not while a train was passing, and the details of the evidence presented matters from which widely differing inferences might properly be drawn.

Under such circumstances it is always the province of the jury to determine the facts under proper instructions from the court, and it would have been error on the part of the trial court to take from the jury the question of the assumption of risks by the plaintiff. All that the defendant could have asked for under the federal Employers' Liability Act would have been a submission of this question to the jury under the facts as they were shown to exist, and, having had this upon the trial, it is idle to urge that it has been prejudiced because of the fact that the plaintiff's pleading alleged that the action was brought under the state statute. The defendant had its instruction under the federal Employers' Liability Act, and as our courts have jurisdiction of cases under the act (Second Employers' Liability Cases, 223 U. S. 1, 59, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. [N. S.] 44), it is only necessary to plead the facts bringing the case within

the provisions of the law, and the ordinary rules of justice take care of the rest. The defendant had all the advantage of the federal Liability Act that it could have had if the pleader had asserted that the action was brought under its provisions. It had the question of assumption of risks submitted to the jury under a charge to which it took no exception, and the jury alone were entitled to determine the facts and inferences to be drawn from the evidence.

The judgment appealed from should be affirmed.

HOWARD, J., concurs.